# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEE V. QUILLAR,<br><br>           Petitioner,<br><br>    v.<br><br>THE STATE OF CALIFORNIA,<br><br>           Respondent. | Civil No.  14-1823 BTM (PCL)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

On May 30, 2001, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court challenging his conviction in San Diego Superior Court case no. SCE171373. (*See* So. Dist. Cal. Case No. 01cv0968 BTM.) On May 29, 2003, federal habeas corpus relief was denied on the merits; the denial was affirmed by the Ninth Circuit Court on February 7, 2005. (*See id*. at doc. nos. 60, 79.)

Petitioner filed a motion for relief from judgment in case no. 01cv0968 BTM on October 12, 2010, which this Court treated as a second or successive petition under 28 U.S.C. § 2244(b).  The Court dismissed the matter due to Petitioner's failure to obtain permission from the Ninth Circuit to file a second or successive petition. (*Id.* at doc. nos. 83, 85.)  The Ninth Circuit denied a certificate of appealability and dismissed the appeal on April 27, 2013. (*Id.* at doc. no. 93.)

/ / /

/ / /

Petitioner then filed three additional motions which the Court also construed as an attempt to file a second or successive petition; the Court dismissed them pursuant to 28 U.S.C. § 2244(b) as well. (*Id.* at doc. nos. 95, 97. 100.)

On July 28, 2014, Petitioner Lee Quillar attempted to file a document in case number 01cv0968 BTM entitled "Motion to Amend Judgment Pursuant to FRCP 59(e)." (*See id*. at 101.) The Court construed the document as a new petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and had the matter filed as a new petition in this case.

In this Petition, Petitioner is seeking to challenge the same conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A).

Petitioner's most recent filing contends that he is exempt from seeking leave from the Ninth Circuit to challenge his state court conviction a second time under the standard articulated by the Supreme Court in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In *Martinez*, the Court held as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320.

Petitioner contends that this Court must reconsider his habeas petition in light of *Martinez* because he alleges he received ineffective assistance of counsel at trial. Petitioner is mistaken. *Martinez* addressed habeas claims which are barred by procedural default. *Id.* It does not affect § 2254 petitions, such as Petitioner's, which seek to challenge a conviction which was already challenged on federal habeas review and denied on the merits. To bring a subsequent or successive claim for habeas relief in this

1 | Court, he must obtain leave from the Ninth Circuit Court of Appeals. *Id.* at
2 | §2244(b)(3)(A).

### CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

DATED: August 25, 2014  _____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court